417 P.2d 244

**ESTATE of Clarence Henry McFARLAND, Deceased, Appellant,**

**v.**

**Gordon C. HOLT and Sterling G. Webber, Impleaded Defendants, Respondents.**

**No. 10506.**

Supreme Court of Utah.

July 28, 1966.

**128**

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for appellant.

Arthur A. Allen, Jr., Salt Lake City, for respondents.

CROCKETT, Justice:

Sarah Jane McFarland, executrix and beneficiary under the will of her deceased husband Clarence Henry McFarland, moved to set aside an order of the District Court confirming a sale of real property. From a denial of that motion she appeals.

The case presents a double anomaly a bit difficult to reconcile with reason: (1) The order appellant seeks to nullify was entered pursuant to her own petition to confirm a sale of property; and (2) the sale it confirms was for more money than the sale she proposed, and she is the sole beneficiary under the will.

Included in the estate of appellant's husband, who died in January 1963, was an undivided three-fourths interest in Lots 13, 14 and 15 in Block 3, Atwood Addition to Murray, Salt Lake County. The other one-fourth interest was owned by Leslie W. Davis and his wife. In May 1964, during the course of probate, the appellant executrix and the Davises entered into an agreement to sell the property to William C. Roderick for $3500, which would give the estate $2625 for its three-fourths interest.

The agreement for sale was made subject to confirmation by the Probate Court as required by Sec. 75–10–2, U.C.A.1953.[1] Appellant filed a proper petition for that purpose and due notice of the hearing thereon was given by mail and posting. When the matter was heard, October 21, 1964, the court announced the proposed sale and asked for any better bids. The defendants Gordon C. Holt and Sterling G. Webber offered $4000 for the property, which would give the estate $3000 for its three-fourths interest. Inasmuch as the new offer was more than 10% higher than the sale proposed in the petition,[2] and no further bids were made, the court ordered the property sold to the defendants, upon condition that they pay 10% of the bid price to the executrix and arrange to pay the balance upon final confirmation of the sale to them by the court. For some reason not disclosed in the record the appellant and her counsel failed to submit an order for confirmation of that sale. Some months later a form of order was submitted by counsel for the defendants, which the court signed and entered on March 24, 1965. Thereafter appellant filed a motion to set aside that order. From a denial

1. "All sales must be reported under oath to, and confirmed by, the court before the title to the property sold passes, except as hereinafter otherwise provided."

2. § 75–10–15, Vacation and resale for better price. " * * * if it appears that a sum exceeding such bid by at least ten per cent, exclusive of the expenses of a new sale, may be obtained, the court may vacate the sale and direct another to be had. * * *"

of her motion she filed her appeal within the one month provided by the rules.[3] Though there are defects in the procedure on appeal, inasmuch as they are not jurisdictional, we by-pass consideration of them and proceed to dispose of this case on the ground of greater consequence indicated below.

The basis of the appellant's attack upon the trial court's ruling is that her own petition filed to confirm the sale of this property was insufficient. There is no question but that the court had jurisdiction of the subject matter and of the parties; nor that proper notice was given. That being so, minor deficiencies or irregularities would not invalidate the proceedings, and in the absence of timely objection they are deemed waived.[4] The significant fact here is that there was no objection interposed to the petition. It would be paradoxical indeed if the appellant had attempted to object to sufficiency of her own pleading. She filed it for the purpose of having the court rely and act thereon. It did so and followed the proper procedure in asking for further bids, which was for the protection of the estate and the appellant who is the sole beneficiary. One who files a pleading asking the court to act thereon vouches for its verity and should not thereafter be

permitted to repudiate it for the purpose of upsetting the action the court has taken pursuant to his request.[5] The trial court was amply justified in denying the motion.

Affirmed. Costs to defendants (respondents).

McDONOUGH and CALLISTER, JJ., and LEWIS JONES, District Judge, concur.

HENRIOD, C. J., having disqualified himself, does not participate herein.

---

3. Rule 73(a) U.R.C.P.; That the Rules of Civil Procedure apply in probate proceedings, see § 75-1-6, U.C.A.1953.

4. Rule 61, U.R.C.P.; Startin v. Madsen, 120 Utah 631, 237 P.2d 834.

5. Cf. statement in Orderville Irrigation Co. v. Glendale Irrigation Co., 17 Utah 2d 282, 409 P.2d 616; and see authorities therein cited.